## 46283. ARMFIELD v. THE STATE.
### (376 SE2d 369)

MARSHALL, Chief Justice.

Harry James Armfield, a/k/a Cal Armfield, appeals his conviction of the malice murder of Larry Dupree, for which he was sentenced to life imprisonment.[1] We affirm.

The evidence authorized the following findings. Armfield sold contraband drugs in Liberty County. The victim, working as an undercover informant with a drug-suppression team, helped local authorities arrest Armfield in April of 1985 for the sale of marijuana. In return, Armfield, who had told a witness, Jerry Salter, that he and Junior Jackson planned "to get" the victim, hired Joseph Quick to kill him. Armfield provided Quick with a .12-gauge sawed-off shotgun and ammunition, and let him use his truck. Armfield then drove to South Carolina to disassociate himself from the crime. On June 16, 1985, Quick and his colleague, Junior Jackson, left the home of Armfield's mother, walked to the victim's trailer, and shot and killed the victim through the victim's automobile window with the shotgun while the victim was a passenger in the automobile being driven by his wife. Quick and Jackson returned to Armfield's mother's home. Quick was arrested as a result of information obtained from the victim's widow. His subsequent conviction was affirmed. *Quick v. State*, 256 Ga. 780 (353 SE2d 497) (1987). Information provided by Quick and police investigation resulted in the arrest, indictment, and conviction of Armfield.

1. The appellant first contends that it was error to deny his motion to dismiss the indictment on the ground of successive prosecution. He argues that the malice-murder charge should have been prosecuted with three previous drug charges (of two of which he was

---

[1] The crime was committed on June 16, 1985. Armfield was convicted and sentenced on May 12, 1988. His motion for new trial was filed on May 26 and denied on June 27, 1988. The notice of appeal was filed on July 22, 1988. The transcript was filed on September 1, 1988, and the record was docketed in this Court on October 14, 1988. The case was orally argued on January 17, 1989.

acquitted and one of which was nolle prossed), because the murder was the culmination of a criminal scheme beginning with the sale of marijuana to the victim; cited as authority are, inter alia, OCGA §§ 16-1-7 (b); 16-1-8 (b); *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985); *Haisman v. State*, 242 Ga. 896 (3) (252 SE2d 397) (1979).

*Haisman v. State*, supra, is inapplicable, as it involves the defendant's right to severance of offenses at trial.

> If the several crimes *arising from the same conduct* are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section. [Emphasis supplied.]

OCGA § 16-1-7 (b); *State v. McCrary*, supra.
Here, the record is clear that the plan to murder the victim did not arise until after the appellant became aware of the victim's involvement in the appellant's arrest for selling marijuana — the murder itself not occurring until a month and a half after the last drug sale in which the victim was a participant. Thus, the offenses here did not arise from the same conduct, so as to require a single prosecution under § 16-1-7 (b). For this reason, the murder prosecution was not barred under the provisions of § 16-1-8 (b) by the former prosecutions. *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984). See also *State v. Smith*, 185 Ga. App. 694 (365 SE2d 846) (1988).

2. The appellant contends that the trial court erred in admitting in evidence three indictments against him for the sale of marijuana, upon two of which he had been acquitted and one of which was a nolle prosequi, citing *Moore v. State*, 254 Ga. 674 (333 SE2d 605) (1985) for the proposition that the doctrine of collateral estoppel, as embodied in the guarantee against double jeopardy, prohibited this.

However, assuming that collateral estoppel applied, the appellant and his counsel, in a hearing before the trial court, *deliberately* waived his right under the Fifth Amendment by informing the court that they wanted to introduce evidence of the three indictments and the two acquittals after the trial court had sustained their objection to the admissibility of two of the indictments and the two acquittals. He also argued the disposition of the three indictments in his opening statement. See *Mulkey v. State*, 250 Ga. 444 (3) (298 SE2d 487) (1983). The trial court's ruling on the motion in limine was not an abuse of discretion; a nolle prosequi is not determinative of guilt or innocence, *Drake v. State*, 170 Ga. App. 846 (1) (318 SE2d 721) (1984) and cit., and the evidence was admissible *to show motive*. *Tucker v. State*, 249 Ga. 323 (6) (290 SE2d 97) (1982).

3. Finally, the appellant challenges the sufficiency of the evidence to authorize the conviction. We have held hereinabove that the evidence of the previous indictments was admissible. The credibility of the state's primary witness, Quick, was for the jury to determine. His testimony was augmented by two letters written by the witness to the appellant long before the trial, stating that the appellant had hired him to kill the victim, which was a declaration against the witness' interest. The corroboration of a material fact is sufficient. *Reynolds v. State*, 168 Ga. App. 555 (1) (309 SE2d 867) (1983). The testimony was corroborated, moreover, by the physical evidence found at the scene of the crime, including the tracks of the running assailant which led approximately one-half mile to the residence of the appellant's mother, where a shotgun shell casing was found; the testimony of the victim's widow, who was in the automobile at the time the victim was shot; the appellant's independent statement that he had been "set up" in a drug deal and was going to get Dupree, the victim; and the fact that the appellant indeed had been charged with drug charges which were the product of Dupree's undercover work. Quick's testimony that the murder had to be completed by that Sunday night because the appellant was supposed to be out of town when the homicide occurred, was corroborated by Detective Dasher's testimony that the appellant had told him that he had been out of town visiting relatives when the killing occurred. Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the appellant guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 1989.

*Raymond A. Majors, Jack Carney*, for appellant.

*Dupont K. Cheney, District Attorney, Thomas Durden, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant*, for appellee.