A89A0783. BARNES v. THE STATE.
(382 SE2d 164)

SOGNIER, Judge.

Gary Dean Barnes was convicted of kidnapping and he appeals.

Construing the evidence to support the verdict, the record reveals that upon exiting a shopping mall in Dalton on December 24, 1987, appellant was stopped by a Dalton police officer and asked to remain so that he could be viewed by a woman who had been accosted in the mall earlier. Appellant complied, and another officer arrived with the alleged victim and two witnesses. Each identified appellant positively as the man who had accosted the victim earlier, and appellant was arrested.

At trial, the victim testified that on December 24, 1987, while she was working at the mall she left her job to go to the rest room. As she left the rest room she was stopped by a man who told her she was wanted by mall security, and she voluntarily accompanied him down a corridor to a maintenance door. The man knocked on the door and, receiving no answer, grabbed the victim by her hair and dragged her further down the hallway and out another door. She resisted, shouting, and was heard by two witnesses, who opened the door and observed appellant holding the victim by the hair. They screamed and appellant released the victim and walked away. The victim described her assailant as wearing gold wire-rim glasses, a blue plaid shirt, and

blue jeans. When apprehended, appellant was wearing a brown plaid shirt and blue jeans, and his glasses had silver frames.

Ann Wheat, Director of the psychiatric unit at Hamilton Medical Center where appellant was employed in maintenance and security, testified over objection that on November 20, 1987 she received a telephone call at home requesting her presence at the hospital because of an emergency. Although the caller identified himself as hospital security personnel, Wheat testified that she recognized the caller's voice as belonging to appellant, and refused to go to the hospital.

Appellant denied accosting the victim or seeing her prior to the showup. He also denied calling Wheat.

1. Appellant contends the trial court erred by admitting Wheat's testimony as evidence of a similar transaction. "Before evidence of [similar transactions] is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the [similar transaction]. Second, there must be sufficient similarity or connection between the independent [transaction] and the offense charged, that proof of the former tends to prove the latter. [Cits.]" *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976). Although there was evidence that appellant telephoned Wheat, appellant argues that the Wheat incident was not sufficiently similar to meet this test, and that therefore the trial court should have excluded this evidence. See *Larkins v. State*, 230 Ga. 418, 420-421 (197 SE2d 367) (1973).

We cannot agree with appellant that the relevancy of the telephone call to Wheat to the mall incident is "so doubtful that the connection between them . . . cannot be clearly perceived." Id. at 420. Although as appellant points out, there are certain differences, the unique nature of the pretext used was similar. In both cases, institutional security was used as a lure, a similarity which made the telephone call relevant to the issue of identity. Other similarities include appellant's employment in security at the hospital and his former employment in security at a store in the mall; that both intended victims were female; that both incidents occurred within a month of each other; and that appellant was identified as the perpetrator in both cases.

"A defendant's guilt 'may not be proved by showing the commission of other crimes to prove that the accused has a criminal nature.' [Cit.] However, evidence of other . . . acts of the defendant may be admitted if it ' "is substantially relevant for some other purpose than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character . . . ." ' [Cit.] . . . 'The ultimate issue in determining the admissibility of evidence of [similar transactions] is not mere similarity but relevance to the issues in the trial of the case.' [Cit.]" *Felker v. State*, 252 Ga. 351, 359

(1) (a) (314 SE2d 621) (1984). The Wheat phone call evidence was relevant to the issue of identity, and we find that the trial court properly admitted it. See generally *Sultenfuss v. State*, 185 Ga. App. 47, 48-49 (2) (363 SE2d 337) (1987).

2. Appellant also enumerates as error the trial court's charge to the jury on the evidence of a similar transaction because the trial court instructed the jury that it was to consider the similar transaction only for the purpose of illustrating appellant's state of mind, whereas the evidence was admitted into evidence as bearing on the issue of identity. We agree with appellant that the portion of the charge to which he objects, taken alone, is improper. However, considering the charge as a whole, we conclude that the trial court gave the jury a proper instruction. The trial court instructed the jury generally that appellant was not on trial for any other offense, and "any evidence . . . with reference to any other alleged offense . . . is admitted for . . . your consideration solely and only under the provision of law where knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme and course of conduct, identity or other matters dependent upon a person's state of mind are involved as material elements in the offense for which he is on trial." The trial court then specifically charged the jury that if they believed appellant had engaged in the similar transaction, they were to consider that transaction "solely with reference to the mental state, identity or intent of [appellant] insofar as the same is applicable to or refers to or illustrates the charge contained in the Bill of Indictment in this case and for no other purpose." This was a correct statement of the law and we find no error in the charge as a whole. *Johnson v. State*, 187 Ga. App. 803, 804 (3) (371 SE2d 419) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 3, 1989.

*William P. Slack*, for appellant.

*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.