A89A2113. JOHNSON v. THE STATE.
(388 SE2d 866)

SOGNIER, Judge.

Calvin C. Johnson, Jr. was convicted of rape, aggravated sodomy, and burglary, and he appeals.

In his sole enumeration of error, appellant contends the trial court erred by admitting evidence of independent crimes and transactions. At trial the victim of the crimes for which appellant was convicted testified that she went to sleep the evening of March 8, 1983 and was awakened when a man sat on her back. A belt had been placed around her neck and was tightened until she lost consciousness, but when she recovered she discovered the man was having anal intercourse with her. Afterwards the man took cream or lotion she kept beside her bed, placed it on both his and her genital areas, then raped her. Still holding the belt around her neck the man got up and turned on a light, at which time the victim saw her attacker so that later she was able to identify him as appellant. Appellant turned off the light and took the pillowcase off a pillow on the bed and placed it over the victim's head. Appellant asked the victim for money, looked through her purse and dresser drawers, then led her downstairs with the belt around her neck in search of money before releasing her and leaving. Subsequent to reporting the attack the victim discovered that $25 to $30 had been taken from her purse. Appellant had gained entry to the victim's apartment through an unlocked door.

The State introduced three incidents at trial which occurred on the evening of March 6, 1983, the early hours of March 7, 1983, and the early hours of March 9, 1983. Lisa Campbell testified that on the

evening of March 6, 1983 while she was showering, she heard a door shut. Wrapped in a towel she went into her living room to find a man she identified as appellant standing there. He had gained entry into her apartment through an unlocked window. He inquired whether someone named Jim lived there; Campbell said no and asked him to leave, but did not wait for a reply, deciding instead to run into her bathroom, lock the door, put on her bathrobe, and leave the apartment.

The next incident occurred within hours of the Campbell incident and at an apartment a few doors down from where Campbell lived. The victim of the March 7, 1983 incident testified that she was in bed asleep when she awoke with a belt around her neck. The March 7th victim identified her attacker as appellant. She stated appellant looked for cream, but could not find any. He then raped her, placed a pillowcase on her head, and led her around her apartment with the belt still around her neck searching for money. He took money from the victim's purse. The victim managed to escape and after hunting for her, appellant left. Evidence established he had gained entry into the victim's apartment by taking the window screen off and removing the window.

Bonita Bedford testified that in the early hours of March 9, 1983, she heard someone at the front door of her apartment. A black male tried to persuade her to open the door, claiming he lived two doors down from Bedford, which Bedford knew was a lie. A few moments after he seemed to have left, Bedford went to a front window to ascertain his departure and saw a man, whom she later identified as appellant, coming through the bushes within eighteen inches of the window, arms raised to reach for the window. She told him again to leave and closed the drapes.

Demonstrative evidence and testimony was introduced at trial which established the close physical proximity of the apartments where these incidents occurred to the apartment where the victim of the crimes for which appellant was convicted lived.

Generally, evidence of similar crimes and acts of the defendant is inadmissible because it tends to place the defendant's character into evidence in violation of OCGA § 24-9-20 (b). *Franklin v. State*, 189 Ga. App. 405, 407 (376 SE2d 225) (1988). "Evidence of similar crimes [or transactions] is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. 'However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime [or transaction]. Second, there must be sufficient similarity or connection between the independent crime [or transaction] and the offense charged.' [Cit.]" *Oller v. State*, 187 Ga. App. 818, 819-820 (2) (371

SE2d 455) (1988). See also *Barnes v. State*, 191 Ga. App. 424, 425 (1) (382 SE2d 164) (1989).

We are satisfied that sufficient evidence was adduced at trial to establish that appellant was in fact the perpetrator of the three incidents presented by the State. Indeed, appellant acknowledges the identification of him by the March 7th rape victim was sufficient. As to Campbell, she testified that appellant was standing in her living room and that she engaged him in conversation. Although Bedford observed appellant only briefly out her window, she testified that he was only eighteen inches from her and that the porch light which was on at her neighbor's apartment and the street lights enabled her to see appellant's face. Campbell, Bedford, and the March 7th victim all stressed that their identification of appellant was aided by his uniquely prominent eyes.

We are satisfied also that there exists a sufficient similarity of connection between the three alleged offenses and the crimes charged. The similarities between the attack on the March 7th victim and the rape and burglary charged are striking in that both involved the use of a belt around the victims' throats, the use of or the search for cream, the use of pillowcases over the victims' heads, and the pulling of the victims by the belts through the apartments in a search for money. We find no error in the admission of the evidence of the attack on the March 7th victim. Since there need not be a charge or conviction relating to the similar offense for it to be admissible, *Henderson v. State*, 182 Ga. App. 513, 516 (356 SE2d 241) rev'd on other grounds, 257 Ga. 618 (362 SE2d 346) (1987), we do not agree with appellant that admission of the March 7th attack was error where appellant, after his conviction on the instant charges, was acquitted upon trial of charges brought as a result of the March 7, 1983 attack.

As to Campbell and Bedford, "[t]he admissibility of 'other crime' evidence is a matter determined by the trial court." (Citations and punctuation omitted.) *Mincey v. State*, 186 Ga. App. 839, 840 (2) (368 SE2d 796) (1988). " 'The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.' [Cit.]" *Oller*, supra at 821 (2). The evidence showed both the physical proximity of the locations of the Campbell and Bedford incidents to the location of charged crimes and the temporal proximity of these events. Both instances involved females who lived in apartments and who appeared to be alone. In the Campbell incident, as with the charged crimes, the evidence showed that appellant had opened an unlocked door and entered without invitation of the occupant. We find the incidents here show sufficient similarities to make the introduction of the similar acts not unlawful. See *Nelson v. State*, 181 Ga. App. 481, 483 (352 SE2d 804) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED NOVEMBER 21, 1989 —

*Michael R. Hauptman*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.