A90A1092. GULLEY v. THE STATE.
(397 SE2d 609)

MCMURRAY, Presiding Judge.

Defendant Gulley appeals his convictions of the offenses of driving while under the influence of alcohol and leaving the scene of an accident. *Held*:

1. Defendant contends that his statement to police should have been excluded from evidence because it was given without his first receiving the warnings required under *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694). The statement was given during an interview which defendant attended at a police station. The officer who took defendant's statement testified that defendant attended the interview voluntarily, was not under arrest, was free to leave, and did leave after the interview. The trial court was authorized to conclude that defendant was not taken into custody, and that therefore *Miranda* did not apply. *Leach v. State,* 259 Ga. 33, 35 (4) (376 SE2d 667).

Defendant also contends that his statement was inadmissible because it was induced by a promise of leniency. However, defendant's evidence in this regard was contradicted by that presented by the State, and as we conclude that the trial court's resolution of the resulting factual issue is not clearly erroneous, we hold that the trial court did not err in admitting defendant's statement. *Mungin v. State,* 183 Ga. App. 290 (1), 291 (358 SE2d 673).

2. Defendant enumerates as error the admission of evidence of similar crimes, two prior convictions of defendant for driving while

under the influence of alcohol. " 'Evidence of similar crimes (or trans-actions) is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. "However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime (or transaction). Second, there must be sufficient similarity or connection between the independent crime (or transaction) and the offense charged." (Cit.)' *Oller v. State*, 187 Ga. App. 818, 819-820 (2) (371 SE2d 455) (1988). See also *Barnes v. State*, 191 Ga. App. 424, 425 (1) (382 SE2d 164) (1989)." *Johnson v. State*, 193 Ga. App. 618, 619 (388 SE2d 866).

Defendant contends that the State has failed to satisfy the requirement of showing a similarity or connection between the independent crimes and the offense charged. This contention lacks merit. The evidence shows that in each of the similar transactions, driving while under the influence of alcohol offenses, as well as in the offense charged, defendant was driving while under the influence of alcohol, the vehicle involved was a sporty car (a Mustang or a Camaro), the time of the offense was past midnight, and that the offenses occurred on wet (foggy or raining) nights. The similar transaction evidence was properly admitted. *Johnson v. State*, 193 Ga. App. 618, supra; *Williams v. State*, 180 Ga. App. 227 (348 SE2d 747).

3. The evidence as to one of the challenged similar transactions was a certified copy of a portion of the uniform traffic citation charging defendant with that offense. Defendant contends that this evidence was not properly admitted since the person attesting to the certification was the clerk of the municipal court rather than the clerk of the city. This contention is without merit. *Locklear v. State*, 131 Ga. App. 536, 537 (6), 538 (206 SE2d 527).

4. Defendant's final enumeration of error complains of the denial of his motion for mistrial made during the testimony of a police officer who related certain hearsay statements. The trial court sustained defendant's objection to the evidence, overruled the motion for mistrial and promptly gave curative instructions to the jury. As defendant failed to renew his motion for mistrial or otherwise invoke a further ruling from the trial court following the trial court's curative instructions, the defendant waived appellate review of the denial of his motion. *Livingston v. State*, 193 Ga. App. 502 (1), 503 (388 SE2d 406).

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in Divisions 1, 2, 4, and in the judgment.*

DECIDED OCTOBER 2, 1990.

*Fowler, Hein & Daum, Douglas R. Daum*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor*, for appellee.