## A90A1570. RANDOLPH v. THE STATE.

(401 SE2d 310)

BIRDSONG, Presiding Judge.

Donald Sampson Randolph appeals his conviction for possession and sale of cocaine. He contends the trial court erred in admitting evidence of a similar transaction wherein he sold cocaine to an undercover agent, inasmuch as the State's prosecution for that other sale resulted in a hung jury and mistrial and because that sale was not sufficiently similar to this incident. He also contends the trial court erred in refusing to sever his trial from the trial of his co-defendant, and erred in refusing to grant him a directed verdict for insufficiency of evidence to convict. *Held*:

1. Appellant was not entitled to a directed verdict for insufficiency of the evidence to convict.

A directed verdict in a criminal case is warranted only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of not guilty, that is, where an acquittal is the only legal finding possible. OCGA § 17-9-1; *Summers v. State*, 99 Ga. App. 183 (108 SE2d 140). The evidence shows appellant was arrested after he accompanied the confidential informant outside co-defendant Butler's house to deliver $2,000 worth of cocaine to the undercover agent; when the agent asked appellant if the amount of cocaine tendered was $2,000 worth, appellant said to the agent, "sure, big daddy." The State presented evidence that the confidential informant and the agent went to Butler's house to buy cocaine; the informant went inside the house and, in appellant's presence, asked for powder cocaine, which Butler did not have. After consulting the agent, the informant agreed to accept "rock" cocaine. Appellant was present while Butler packaged the cocaine and engaged in a discussion with the informant about whether he or the informant would carry it to the agent and return with the money, and he accompanied the informant to the agent's car to ensure that the informant received the money and turned it over to Butler.

Appellant contended the evidence showed at best mere presence at the scene of a crime, and that he never touched the cocaine and never touched the money. However, this evidence shows more than mere presence at the scene of a crime; it shows active participation in the sale and delivery of cocaine. Viewing the evidence in the light most favorable to the verdict, we find the evidence and all reasonable deductions are such as to enable a rational trier of fact to find the elements of the offense beyond a reasonable doubt, according to the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Therefore, on appeal it cannot be said that appellant was entitled to a directed verdict of acquittal. *Humphrey v. State*, 252 Ga.

525, 527 (314 SE2d 436).

2. Appellant urges us to hold that evidence of a "similar transaction" cannot be admitted where the State has prosecuted the defendant for that transaction as a criminal offense and the trial resulted in a hung jury, or mistrial. This is not the law. It is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible. *Johnson v. State*, 193 Ga. App. 618, 620 (388 SE2d 866); *Henderson v. State*, 182 Ga. App. 513, 516 (356 SE2d 241), rev'd on other grounds, 257 Ga. 618 (362 SE2d 346). Although a prosecution may fall short of proving a criminal offense, evidence as to certain conduct may nevertheless be admissible in a trial of another offense if the State shows the defendant was the perpetrator of the conduct and the conduct or transaction is similar to or has a logical connection to the offense being tried. That a prosecution for the other conduct results in an acquittal of criminal conduct is not grounds to exclude evidence of other conduct as a similar transaction (*Johnson,* supra); there is therefore even less reason to exclude such evidence of a similar transaction where a prosecution of it as a criminal offense results in a hung jury. See *Williams v. State*, 178 Ga. App. 581 (344 SE2d 247). Anything indicated to the contrary in *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) is not controlling, for that case is physical precedent only. See Court of Appeals Rule 35 (b).

The evidence of similar transaction was to the effect that appellant had previously sold cocaine to another undercover agent on the same street near where the crime occurred in this case. There may be obvious sufficient similarity, generally, in the sale of a drug identical to the drug sold in the incident being prosecuted, so as to warrant admission of such evidence in the trial of another sale of the drug. See *Robinson v. State*, 192 Ga. App. 32, 34 (383 SE2d 593). There is no "per se" rule of admissibility of drug activity in *Robinson,* but appellant is correct in contending that "drug cases are no different from any other case" in which the State seeks to admit evidence of a similar transaction (*State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321)); therefore, the evidence admitted in this case does meet the general requirements for admission of similar transaction evidence. See *Meier v. State*, 190 Ga. App. 625 (379 SE2d 588); *Felker v. State*, 252 Ga. 351, 359 (314 SE2d 621); *Williams v. State*, 251 Ga. 749, 784 (4) (312 SE2d 40).

3. The refusal of the trial court to sever the trials of the co-defendants was not error. There were only two defendants and the allegations against each were clearly distinguished, so that there could be no confusion for the jury as to the charge against each defendant; there were no confusing or complex issues; and there was no prevailing danger that evidence admitted against co-defendant Butler would be considered against appellant despite admonition from the trial

judge. See *Price v. State*, 155 Ga. App. 844 (273 SE2d 225). Appellant argues that evidence admitted against his co-defendant Butler showed Butler had engaged in a number of drug activities of almost "biblical proportions," and that this "toxic spillover" could not help but prejudice appellant's rights. However, aside from this general complaint, appellant suggests no instance where such evidence might in fact have confused the jury; the evidence admitted against Butler was clearly distinguished from the evidence against appellant. It is not sufficient for appellant merely to allege that some evidence against one defendant might have confused the jury; appellant has the burden to prove error affirmatively by the record. Appellant has not borne his burden to prove error by the record, and to show an abuse of the trial court's discretion in ruling on a motion to sever.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 8, 1991.

*Chandelle T. Summer*, for appellant.

*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellee.