## A91A2228. SMITH v. THE STATE.
(416 SE2d 129)

COOPER, Judge.

Appellant was convicted of theft by taking a motor vehicle and appeals the trial court's denial of his motion for new trial on the sole ground that the court erred in admitting into evidence two prior motor vehicle theft convictions. Appellant contends the prior convictions were not sufficiently similar to the offense for which he was tried.

The evidence adduced at trial showed that the victim consented to appellant's use of her car for approximately one hour; however, after appellant did not return the car for several days, the car was reported stolen. Approximately two weeks following the car's disappearance, it was discovered by the police in Elberton, Georgia. The victim of a prior auto theft, to which appellant pled guilty, testified that he was working on a car in front of his house and was approached by appellant who asked him if appellant could drive the victim's other car to get auto parts. The victim gave appellant $65 to purchase the auto parts and testified that he did not see his car again for two weeks when the car was discovered in south Georgia. A third victim

testified that appellant came to her home and asked her for a ride. When she refused, appellant asked if he could use the phone, and while using the phone, appellant took the victim's car keys and subsequently left in her car. The victim called the police, and about one hour later the police discovered the car parked on the victim's street. Appellant entered a guilty plea to the offense of theft by taking a motor vehicle in the incident.

" 'Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact.' (Emphasis deleted.) [Cit.] '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.' [Cit.]" *Aaron v. State*, 195 Ga. App. 339 (1) (393 SE2d 698) (1990). "There is no requirement that . . . the 'other transaction' must be identical in every aspect. 'The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence "may be admitted if it ' "is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' " (Cit.)' [Cit.]" (Emphasis deleted.) *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277) (1991).

In our view, the evidence of the other crimes met the conditions of admissibility. Appellant pled guilty to the two offenses, and the offenses showed appellant's bent of mind and course of conduct. We concur with the State that as to the issue of intent, the evidence discredited appellant's testimony that he simply borrowed the victim's car, and the evidence also negated any possibility of mistake or lack of guilty knowledge of the offense committed. "Moreover, a proper limiting instruction was given." *Aaron*, supra at 340. Accordingly, the trial court did not err in admitting the evidence of similar crimes.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 19, 1992.

*J. Michael Mullis*, for appellant.
*Harry N. Gordon, District Attorney, Audrey A. Butler, Assistant District Attorney*, for appellee.