A92A2123. BAILEY v. THE STATE.
(427 SE2d 612)

JOHNSON, Judge.

Hilliard Bailey was convicted of aggravated assault. On appeal, his sole enumeration of error is the trial court's admission of similar transaction evidence.

Bailey believed that the victim, Harold Hall, was having an affair with his wife. The evidence presented at trial reveals that on the night of the assault, Bailey was waiting for the victim, Harold Hall, in the parking lot of the post office where Hall worked the evening shift. Bailey had threatened Hall on numerous occasions. Earlier that evening, Hall had received a call at work warning him that Bailey might be waiting for him. Hall notified his superintendent, who checked the parking lot and confirmed that someone was sitting in a gray Horizon, a car which matched the description of the car Bailey was driving. Hall and two of his co-workers left work about midnight.

The co-workers observed a Horizon pull behind Hall's truck as it left the parking lot and witnessed gunfire followed by a high-speed chase. Hall eluded the car and pulled into a nearby restaurant parking lot, as did his co-workers. The Horizon appeared again and Hall drove off. Several more shots were fired and Hall's vehicle stopped in the middle of the road. The co-workers approached Hall's truck, observed a bullet hole through the windshield and saw that Hall had been shot in the shoulder. Both co-workers identified Bailey as the person sitting in the back seat of the Horizon holding what appeared to be a weapon. Hall testified that he was able to identify Bailey in the Horizon after seeing him in his rear-view mirror.

After conducting a hearing pursuant to Uniform Superior Court Rule 31.3, the trial court allowed the State to introduce evidence of a prior incident in which Bailey pled guilty to simple battery after beating his wife. Evidence of prior crimes committed by the defendant is

generally inadmissible. Exceptions to this rule have developed which permit the introduction of evidence of other crimes committed by a defendant to be admitted for limited purposes such as to show identity, plan, scheme, bent of mind, and course of conduct. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). Additionally, the proffered similar transaction evidence must satisfy the tests set forth in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), that is: (1) that the State intends to introduce evidence of the independent act for an appropriate purpose; (2) there is sufficient evidence to establish that the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

The State clearly intended the evidence to establish Bailey's state of mind, an appropriate purpose satisfying the first prong of the *Williams* test. The second element of the *Williams* test is clearly met, in that Bailey pled guilty to the prior crime. We must determine, then, if there was sufficient connection or similarity between the offenses to establish that the commission of the battery of his wife tends to prove the aggravated assault of Hall. We find it does not.

Bailey's previous conviction involved a different offense, a different victim, was committed at a different time and in a different manner. In the first instance, Bailey did not use a weapon and was acting while enraged. In the present case, the act was clearly premeditated and a gun was used. The only similarity between the offenses is that in both instances Bailey was motivated by his belief that his wife and Harold Hall were having an affair. Even if we argue that both acts were provoked by Bailey's jealousy, this alone does not render the conviction on a completely dissimilar offense admissible. Its admission was error.

In light of the overwhelming evidence presented in this case regarding Bailey's guilt, however, we find the introduction of the previous conviction to be harmless error. "[A]ssuming there was error . . . where, as here, the evidence was overwhelming, it is highly probable that the error did not contribute to the judgment. Therefore, the error, if any, is harmless. [Cit.]" *Mims v. State*, 180 Ga. App. 3, 5 (2) (348 SE2d 498) (1986).

*Judgment affirmed. Carley, P. J., concurs. Pope, C. J., concurs specially.*

Pope, Chief Judge, concurring specially.

I agree that the evidence of the independent offense in this case was harmless error but for a reason different than that relied upon in the majority opinion. For an independent offense to be admissible, the evidence must show "a sufficient connection *or* similarity between

the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Emphasis supplied.) *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). "The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially *relevant* for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." (Emphasis supplied; citations and punctuation omitted.) *Smith v. State*, 203 Ga. App. 3, 4 (416 SE2d 129) (1992).

The majority opinion focuses only on the lack of similarity between the two offenses but does not address the issue of the connection between the defendant's aggravated assault of Harold Hall, at issue in this case, and the independent act of defendant's beating his wife. The evidence shows the independent act involving defendant's wife, like the assault at issue in this trial, arose out of defendant's belief that Hall was having an affair with his wife. Thus, the independent act clearly is connected to the offense at issue in this case and is relevant to show plan, scheme, bent of mind and course of conduct. Dissimilar but connected acts have frequently been held admissible to prove motive for the act at issue in the trial. See, e.g., *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990) (in which evidence that defendant was a drug dealer and had sold drugs to the victim was relevant to prove motive for killing the victim); *Armfield v. State*, 259 Ga. 43, 44 (2) (376 SE2d 369) (1989) (in which evidence of prior criminal charges for selling drugs was admissible to show motive for the murder of an undercover informant with the drug-suppression team); *Tucker v. State*, 249 Ga. 323, 329 (6) (290 SE2d 97) (1982) (in which evidence concerning the defendant's prior illicit sexual relationship with the murder victim was admissible to show motive or intent). Likewise, in this case, the defendant's beating of his wife because of his belief she was having an affair with the victim of the assault at issue in this case is dissimilar, but connected, to the crime charged and is admissible to show plan, bent of mind and course of conduct.

At the hearing on the admissibility of the independent offense held prior to the commencement of the trial, the State neglected to prove the connection between the beating of defendant's wife and the assault of the victim. No evidence was presented that both offenses arose out of defendant's belief that his wife and the victim were having an affair. Evidence of the connection was presented at trial, however, before the indictment containing defendant's guilty plea was introduced into evidence when defendant's wife testified defendant beat her after discovering she had called the victim on the telephone. Moreover, the defendant testified and admitted that he struck his wife after discovering a tape of the wife's telephone conversation with

the victim in which she told him she loved him. Thus, even though no connection between the two offenses was shown at the hearing on admissibility as required by *Williams* and the trial court erred in ruling the evidence to be admissible at the conclusion of the hearing, the required connection was established at trial and the admission of the evidence, even if erroneous, was harmless.

DECIDED FEBRUARY 5, 1993.

*Xavier C. Dicks*, for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Sylvia A. Martin, Assistant District Attorneys*, for appellee.