A92A2010. BRUNSON v. THE STATE.
(428 SE2d 428)

BLACKBURN, Judge.

The appellant, Harold Brunson, was convicted of possession of

cocaine, possession of heroin, and possession of more than one ounce of marijuana. On appeal, he contends that the trial court erred in admitting evidence of a prior similar transaction.

On September 11, 1991, while executing an arrest warrant on the appellant for simple battery, two DeKalb County deputy sheriffs observed what appeared to be cocaine and marijuana on a coffee table in the living room of the appellant's residence. Also on the table was an open paper sack that contained marijuana. During a "protective sweep" of the house, one of the officers found a partially opened shaving kit on the floor, in which there were several blue glassine envelopes containing a mixture of heroin and cocaine. Another individual, Rudolph Jackson, was with the appellant at the time, and when he tried to hide something under the sofa, the officers looked there and found a tray on which lay a clear plastic bag and several small red bags containing marijuana. They also found a jewelry box which contained a bottle of rock cocaine, and several small blue, red, and clear envelopes containing a mixture of heroin and cocaine. Five blue glassine envelopes containing a mixture of heroin and cocaine were found in the appellant's right trouser pocket. The officers subsequently obtained a search warrant for the appellant's residence and its curtilage, and during the course of that search, nine red envelopes containing heroin were found under the driver's seat in the appellant's vehicle.

During the trial, a witness for the appellant testified that several men had lived at the appellant's residence until the appellant's arrest. However, he was unaware of their full names or their present whereabouts. Rudolph Jackson also testified and stated that several other men had lived at the appellant's house. He emphasized that he had been unaware of the presence of any drugs in the premises, or of the appellant's possession or use of any drugs.

In rebuttal, the state was allowed to produce evidence of the appellant's prior conviction in 1986 for trafficking in heroin and possession of cocaine with intent to distribute. That evidence showed that when the appellant was stopped for a traffic offense, he admitted that he had been smoking marijuana. A subsequent search of his vehicle uncovered thirty white plastic packets, ten blue packets, and six pink packets of heroin and cocaine underneath the driver's seat. The appellant had pleaded guilty to the charged offenses on that occasion, and was sentenced to concurrent terms of seven years imprisonment on the trafficking charge and five years imprisonment on the cocaine possession charge.

The general rule in this state is that evidence of other criminal acts by a defendant is inadmissible unless the defendant chooses to put his character in issue. *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). However, in some circumstances, evidence of independent crimes may be admitted for the purpose of showing identity, motive,

plan, scheme, bent of mind, and course of conduct. Before such evidence may be admitted, the state must show that the defendant was the perpetrator of the independent crime, and that there is sufficient similarity or connection between the independent crime and the offense charged, so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). It must also be emphasized that evidence of independent crimes is never admissible unless its relevancy to the issues on trial outweighs the prejudice it creates. *Robinson v. State*, 192 Ga. App. 32, 34 (383 SE2d 593) (1989).

In the instant case, the appellant concedes that he was the perpetrator of the 1986 offenses involving trafficking heroin and possession of cocaine. However, he contends that those prior offenses were not sufficiently similar to the current charges, and were too remote in time, to be admissible. During the pretrial hearing to determine the admissibility of the similar transaction evidence, the trial court was satisfied that sufficient similarity was shown by the fact that the prior offenses and the current charges involved an unusual combination of cocaine and heroin, the discovery of contraband under the driver's seat in the appellant's vehicle in each incident, and particularly by the color-coded packaging of the contraband. As noted by the state, the color scheme of the packaging was tantamount to a "signature," and we agree that the evidence of the prior convictions was admissible to show the appellant's scheme or course of conduct. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).

The trial court's primary concern about the admissibility of the evidence of the appellant's 1986 conviction was in balancing the relevancy of the evidence with the inherent prejudice created by such evidence. In fact, out of this concern, the trial court deferred admitting the evidence until the defense rested. Because of the evidence presented by the defense regarding equal access by several other individuals who lived in the appellant's residence at the time of the arrest, but whose identity or whereabouts are now unknown, the trial court decided that the state needed the similar transaction evidence to connect the appellant to the drugs that were found in his residence and motor vehicle. Under these circumstances, we find no error in the trial court's determination that the relevancy of the evidence of independent crimes outweighed its prejudice.

With regard to the appellant's contention that the prior convictions were too remote to be admissible in this case, we note that the appellant was in prison serving his sentences on those earlier convictions until February 1990. Only 19 months passed from the date of his release until his arrest for the current charges. "The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. [Cit.]" *Cooper v. State*, 173 Ga. App. 254, 255 (325 SE2d 877) (1985). Even if

the entire intervening period from the appellant's 1986 conviction to the date of his current charges was considered, those prior offenses were not too remote for admission. Cf. *Gilstrap v. State*, 261 Ga. 798 (1) (410 SE2d 423) (1991).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993.

*John H. Tarpley, Dwight L. Thomas*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert E. Statham III, Assistant District Attorneys*, for appellee.