## A93A2209. MORRIS v. THE STATE.
(442 SE2d 792)

COOPER, Judge.

Appellant was convicted by a jury of felony obstruction of an officer and possession of diazepam, a Schedule IV controlled substance, in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence entered on the jury verdict.

The evidence viewed in the light most favorable to the verdict reveals that early one morning, appellant approached the victim at a gasoline service station and asked for a ride. The victim drove appellant to a motel, where appellant forcibly tried to take the keys to the victim's car. When a police officer arrived and saw appellant hitting the victim, appellant ran away but was subsequently caught by the officer. Appellant violently resisted the officer's attempt to arrest him, but the officer was eventually able to subdue him. During a search incident to the arrest, the officer found a blue powdery substance in a plastic bag in appellant's pocket. The substance subsequently tested positive as diazepam, which is more commonly known as Valium. Appellant testified that he did not have a prescription for Valium but had the Valium for a neck problem. Appellant's mother, with whom appellant lived, testified that she had a prescription for Valium and appellant occasionally used the Valium.

1. Appellant contends that the trial court erred in admitting the State's similar transaction evidence. Prior to the admission of the evidence, the court conducted a hearing during which a police officer testified that in March 1980, he stopped a car driven by appellant in response to a theft of services call. During a search, he found a green leafy substance in appellant's jacket pocket and a white powdery substance between the driver's seat and the passenger's seat. Tests revealed that the green leafy substance was marijuana and the powder was an amphetamine, a Schedule II controlled substance. Appellant subsequently pled guilty to the charges of possession of marijuana and amphetamines. The State introduced appellant's guilty plea as part of the similar transaction evidence. Appellant argues that the prior offense was too remote in time to show course of conduct or bent of mind and that there was insufficient similarity between the two offenses.

" 'The general rule in this state is that evidence of other criminal acts by a defendant is inadmissible unless the defendant chooses to put his character in issue. [Cit.] However, in some circumstances, evidence of independent crimes may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. Before such evidence may be admitted, the state must show that the defendant was the perpetrator of the independent crime, and

that there is sufficient similarity or connection between the independent crime and the offense charged, so that proof of the former tends to prove the latter. [Cit.]' " *Brunson v. State*, 207 Ga. App. 523, 524-525 (428 SE2d 428) (1993). Although both offenses involve controlled substances, they do not involve the same and in the prior case the facts show that appellant was only in constructive possession of the Schedule II substance. There is no requirement that the prior offense be identical to the one being prosecuted. *Dobbs v. State*, 204 Ga. App. 83 (3) (418 SE2d 443) (1992). However, the evidence must be relevant for some purpose other than to show the probability that appellant committed the crime for which he is on trial because he is a person of criminal character. *Maggard v. State*, 259 Ga. 291 (2) (380 SE2d 259) (1989). We cannot conclude that the facts surrounding the prior offense were so similar to the offense for which appellant was on trial that proof of the former tends to prove the latter. Accordingly, it was error to admit the evidence. However, in light of the overwhelming evidence of appellant's guilt, including his admission that he had in his possession Valium which had been prescribed for his mother, it is highly probable that the error did not contribute to the verdict. See *Bailey v. State*, 207 Ga. App. 283, 284 (427 SE2d 612) (1993).

2. Appellant also argues that the trial court failed to limit the purpose for which the similar transaction evidence could be considered. The trial court charged the jury as follows: "This defendant is on trial for the particular offense charged in this bill of indictment that you will have out with you for your consideration, and on no other charge or charges. He is not on trial on account of any other alleged offense or offenses. Any evidence in this case with reference to any other alleged offense or offenses, if any, is admitted for the purpose of your consideration, solely and only under the provision of law that where knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme, and course of conduct, identity, or other matters dependent upon a person's state of mind are involved as material elements in the offense for which he is on trial. Evidence of the defendant's conduct, with reference to similar transactions about the same time, is admitted solely for the jury to consider only as it might tend to illustrate the defendant's state of mind on the subject involved, if you think it does so illustrate it, and for that purpose alone. You are not to consider it for any other purpose." (Indention omitted.) Contrary to appellant's argument, we find that the trial court's charge was an appropriate limiting instruction. See, e.g., *Barnes v. State*, 191 Ga. App. 424 (2) (382 SE2d 164) (1989). Accordingly, we find no error.

3. Appellant contends that the trial court erred in charging the jury that only a person to whom, or for whose use, a controlled substance has been prescribed, sold or dispensed, may lawfully possess

the same. OCGA § 16-13-21 (28) defines "ultimate user" as "a person who lawfully possesses a controlled substance for his own use, *for the use of a member of his household,* or for administering to an animal. . . ." (Emphasis supplied.) The charge as given was not a correct statement of the law. However, in light of the overwhelming evidence against appellant, we find no harmful error.

*Judgment affirmed. Smith, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur in the affirmance of the conviction because the evidence was overwhelming, so that the type of errors committed was harmless. *Gilbert v. State*, 208 Ga. App. 258, 263 (3) (430 SE2d 391) (1993).

I agree that the 1980 transaction should not have been admitted; it was not sufficiently similar and it was too remote to serve any of the legitimate purposes for which it might have been offered. *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). It did not meet all three of the affirmative showings which the State is required to show. *Williams v. State*, 261 Ga. 640, 641 (2) (b) (409 SE2d 649) (1991).

However, I do not agree that the court's instruction on this evidence was not erroneous. It was error to give it at all, because it related to evidence which should have been excluded. Even if it had applied to admissible evidence, it was not properly limited. The court gave a whole string of purposes for which such evidence may be admitted, but did not confine these to any particular issue or issues which were present in *this* case. For example, the court listed "identity"; that was not an issue.

*Williams* established that in order for evidence of an independent offense or act to be admissible, the State must affirmatively show that it is offered "for some appropriate purpose." It requires the trial court to make a determination that this showing has been satisfactorily made.

The purpose for the evidence must be the resolution of some issue in the case, articulated by the State. Otherwise it would be immaterial. The curb imposed at the threshold (a showing by the State and a determination by the court) does no good if the jury is not properly apprised of the limitation. Giving the jury a whole list of the purposes for which such evidence is permitted, such as those identified in *Williams*, footnote 2, can have the very effect which is sought to be avoided. That is, the jury would have a hard time to distinguish between using the evidence for the whole wide-ranging litany of purposes described and using it generally. There is a substantial danger that it will simply be led to consider the defendant's general character. See *Evans v. State*, 209 Ga. App. 606, 607 (434 SE2d 148) (1993) (Beasley, J., dissenting).

The problem is exacerbated in this case by the inconsistency of the court's instruction. First it charged that the evidence was admitted for a wide range of purposes. Then it concluded that it was admitted solely to illustrate defendant's "state of mind on the subject involved," i.e., criminal possession of diazepam. This confusion would make more likely a forbidden consideration by the jury of the defendant's character. If the evidence of other transactions is to be admitted to prove the crime for which a defendant is on trial, it must be clearly and explicitly limited to an issue or issues in the particular case; otherwise we inch towards trial by dossier.

DECIDED MARCH 7, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994.

*James J. Dalton II, Fleming & Risher, Richard D. Hobbs*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.