## A03A1882. SUMMERS v. THE STATE.
### (587 SE2d 768)

ELLINGTON, Judge.

Kevin Summers stands accused in the Superior Court of Cherokee County of two counts of financial identity fraud, OCGA § 16-9-121. Summers appeals the denial of his plea in bar and motion in autrefois convict, contending the prosecution is barred under OCGA §§ 16-1-7 (b) and 16-1-8 (b) by his earlier conviction in Cobb County of 33 counts of financial identity fraud. Finding no error, we affirm.

Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts. *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The record shows the following undisputed facts. Summers, while working for a mortgage company at an office in Cobb County, obtained financial "identifying information"[1] from mortgage applications. Summers passed the information to Shannon Nesmith, who used the information to fraudulently establish and use credit card accounts. After a joint investigation by Cherokee County and Cobb County officers, a Cherokee County grand jury indicted Summers, charging him with financial identity fraud relating to two Cherokee County residents. The indictment alleged that Summers obtained identifying information, which would assist in accessing the financial resources of each victim, between the dates of December 10, 2001, and July 31, 2002, for one victim and between March 14, 2002, and July 31, 2002, for the other victim. Meanwhile, the Cobb County District Attorney filed an accusation charging Summers with 33 counts

---

[1] OCGA § 16-9-121 (1) provides in pertinent part:
A person commits the offense of identity fraud when without the authorization or permission of a person with the intent unlawfully to appropriate resources of or cause physical harm to that person, or of any other person, to his or her own use or to the use of a third party he or she . . . [o]btains or records identifying information of a person which would assist in accessing the resources of that person or any other person.

of financial identity fraud. Each count pertained to a separate victim, each a resident of Cobb County, with target dates of December 10, 2001, to July 31, 2002, for all counts. Summers entered a negotiated plea to all 33 counts.

Summers contends that the Cherokee County prosecution is barred under OCGA § 16-1-8 (b) by the Cobb County conviction because the subject prosecution is for a crime with which he should have been charged in the Cobb County prosecution. OCGA § 16-1-8 (b) provides in pertinent part:

> A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution . . . [r]esulted in either a conviction or an acquittal and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution.

Summers contends the Cobb County District Attorney should have charged him with the counts involving Cherokee County victims under OCGA § 16-1-7 (b), which provides in pertinent part: "[i]f . . . several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution."

For purposes of this appeal, we will assume that the proper prosecuting officer in Cobb County knew about the counts involving Cherokee County victims at the relevant time. Further, we agree with Summers that, by operation of OCGA § 16-9-125, venue as to the two counts of financial identity fraud pertaining to the Cherokee County residents lay in both Cherokee County and Cobb County.[2] Thus, the two counts at issue *could* have been prosecuted in the Superior Court of Cobb County together with the thirty-three counts pertaining to Cobb County residents.[3] As explained below, however, we hold that the various counts did not arise from "the same conduct"

---

[2] OCGA § 16-9-125 provides in pertinent part,
in a proceeding under [OCGA § 16-9-120 et seq.], the crime will be considered to have been committed in any county where the person whose means of identification or financial information was appropriated resides or is found, or in any county in which any other part of the offense took place, regardless of whether the defendant was ever actually in such county.

[3] See Ga. Const. 1983, Art. VI, Sec. II, Par. VI ("all criminal cases shall be tried in the county where the crime was committed"); OCGA § 17-2-2 (a) (generally, "[c]riminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law"). Cf. *Griffin v. State*, 266 Ga. 115, 117-118 (2) (464 SE2d 371) (1995) (although crimes arose from the same conduct, no successive prosecution bar where venue for second prosecuted offense did not lie in the county of the first prosecution).

as that phrase is used in OCGA §§ 16-1-7 (b) and 16-1-8 (b). Thus, Summers has not shown that he *should* have been prosecuted for his crimes against the Cherokee County victims in the Cobb County prosecution.

Our appellate courts have found cases barred under these provisions of OCGA §§ 16-1-7 (b) and 16-1-8 (b) where there has been an unbroken sequence of crimes against the person (such as kidnapping, rape, and murder), over a period of hours or days, against the same victim.[4] Our courts have also found that driving violations, drug offenses, and crimes against the person all arose from the same conduct where the conduct took place over the course of minutes and involved the defendant's behavior while driving and then during a traffic stop.[5]

Our courts have found, on the other hand, that multiple counts of burglary or theft by receiving did not arise from the same conduct, even when the stolen property was recovered together in the course of a single arrest, where the defendant burgled several different residences at separate times. *Norwood v. State*, 249 Ga. App. 507, 508 (1) (548 SE2d 478) (2001). See also OCGA § 16-8-11 (venue for theft offenses). In *Norwood v. State*, we held, "[w]here the record shows the accused committed two entirely separate criminal transactions in different counties, though part of a single criminal episode, a guilty plea in one does not bar prosecution for the other by reason of double jeopardy or otherwise authorize a plea of autrefois convict." (Footnotes omitted.) Id. In this case, each victim supplied his or her identifying information individually and Summers committed a separate act each time he obtained a new victim's information for his illegal purpose. Nothing in the record suggests that Summers committed one act which harmed all the victims simultaneously. To expand on the trial court's analogy, Summers' conduct is more akin to an armed robber who uses the same gun and goes to the same street corner to

---

[4] See *Griffin v. State*, 266 Ga. at 117-118 (2) (murder, kidnapping, and armed robbery of one victim). Cf. *Armfield v. State*, 259 Ga. 43, 44 (2) (376 SE2d 369) (1989) (murder of undercover informant a month and a half after defendant sold drugs to victim, leading to defendant's drug arrest and defendant's motive to murder the victim, did not arise from the same conduct as the drug sale). See also Daniel's Ga. Criminal Trial Practice, §§ 14-50–14-52 (2002 ed.).

[5] See *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985) (aggravated assault on police officer, fleeing to elude an officer, DUI, and reckless driving); *McCannon v. State*, 252 Ga. 515, 517-518 (315 SE2d 413) (1984) (aggravated assault on police officer, DUI, and possession of marijuana); *State v. Kennedy*, 216 Ga. App. 405 (454 SE2d 600) (1995) (vehicular homicide and driving on the wrong side of the road); *Weaver v. State*, 224 Ga. App. 243, 244 (480 SE2d 286) (1997) (DUI, endangering a child while DUI, and speeding); *State v. Smith*, 185 Ga. App. 694 (365 SE2d 846) (1988) (DUI, leaving the scene of an accident, and driving left of center). See also Daniel's Ga. Criminal Trial Practice, §§ 14-50–14-52, 14-57 (2002 ed.).

rob a new victim on 35 successive Mondays than it is to an armed robber who walks into a crowded restaurant one day at lunch time and robs 35 different patrons. The Code itself emphasized that a separate act is committed as to each victim by providing: "[e]ach violation of [OCGA § 16-9-120 et seq.] shall constitute a separate offense." OCGA § 16-9-126 (c). Although the 35 counts at issue arguably arose from the same *type* of conduct — and even from the same course of conduct, common scheme, pattern of behavior or modus operandi, the counts did not all arise from "the same conduct" in the sense of one specific transaction or unbroken sequence of events as used in OCGA §§ 16-1-7 (b) and 16-1-8 (b).

Because Summers has not shown that the Cherokee County prosecution is barred as an impermissible successive prosecution for the same conduct, the trial court correctly rejected his plea in bar and denied his motion in autrefois convict. *Armfield v. State*, 259 Ga. 43, 44 (2) (376 SE2d 369) (1989); *Norwood v. State*, 249 Ga. App. at 508 (1).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 4, 2003 —
RECONSIDERATION DENIED SEPTEMBER 24, 2003 —

*William E. Whitaker*, for appellant.
*Garry T. Moss, District Attorney, Lawton W. Scott, Assistant District Attorney*, for appellee.