## A10A0820. FULLER v. THE STATE.
(700 SE2d 723)

MILLER, Chief Judge.

Shantana Fuller appeals the trial court's denial of her plea of former jeopardy. For the reasons that follow, we affirm.

In determining whether a trial court properly denied a plea in bar "[w]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts." (Citation omitted.) *Summers v. State*, 263 Ga. App. 338 (587 SE2d 768) (2003).

The facts in this case are undisputed. On January 15, 2009, Fuller was arrested for the offenses of prostitution and keeping a place of prostitution. Also issued at that time were two citations for violation of Gwinnett County ordinances: (1) performing massage services without a permit, and (2) operating a business without a license. On March 18, 2009, the State filed its accusation against Fuller in the State Court of Gwinnett County for the offenses of prostitution, keeping a place of prostitution, masturbation for hire, giving a massage in an unlawful place, and unauthorized advertising. Fuller entered a plea of nolo contendere to operating a business without a license in the Recorder's Court of Gwinnett County on April 23, 2009, and, approximately three months later, filed her plea of former jeopardy in the state court.

Fuller contends that the trial court erred in denying her plea of former jeopardy, arguing that the State failed to prosecute all known charges against her at the time of the April 23 proceeding in recorder's court. She argues that knowledge of such charges should be imputed to the assistant solicitor-general who took her plea

because the solicitor-general, as the responsible prosecuting officer in both courts, filed an accusation as to the additional charges a month earlier in the state court.

"A successive prosecution is barred when the conduct of an accused establishes more than one crime and they are not prosecuted in accordance with OCGA § 16-1-7 (b)." (Punctuation and footnote omitted.) *Barlowe v. State*, 286 Ga. App. 133, 134 (648 SE2d 471) (2007). OCGA § 16-1-7 (b) provides, in relevant part, that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." Such crimes, however, must actually be known by the prosecuting officer who is actually handling the proceedings. *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987); *Zater v. State*, 197 Ga. App. 648, 649 (1) (399 SE2d 222) (1990). This Court has held that

> since a prosecution is commenced with the return of the indictment or the filing of the accusation (OCGA § 16-1-3 (14)), "the prosecuting officer actually handling the proceedings" refers to the attorney who initiates the case, either by filing the accusation or achieving a return of the indictment.

(Citations omitted.) *Hill v. State*, 234 Ga. App. 173, 175 (1) (507 SE2d 3) (1998). On this basis, the "knowledge of the attorney who files the accusation or achieves return of an indictment is imputed to an attorney who accepts the plea." (Citation omitted.) Id.

Fuller correctly observes that the Gwinnett County Solicitor-General is the prosecuting officer who has the responsibility to prosecute all accused offenses in the State and Recorder's Courts of Gwinnett County. OCGA § 15-18-66 (a) (3) and (b) (3); see also Ga. L. 1972, p. 3126, § 2 (conferring jurisdiction upon the Recorder's Court of Gwinnett County to hear and determine, inter alia, "cases involving violations of the ordinances of Gwinnett County"). Given *Hill*, supra, such knowledge as the solicitor-general actually had of the charges against Fuller may be imputed to the assistant solicitor-general who handled Fuller's plea in recorder's court. The question, therefore, is to what extent did the solicitor-general have actual knowledge of all the charges, those made by accusation and the charge disposed of at the time her plea was taken in recorder's court? To prevail on her plea of former jeopardy, Fuller bore the burden to show that the solicitor-general in her capacity as the responsible prosecuting officer in the state and recorder's courts then had actual knowledge of all such charges. *Blackwell v. State*, 232 Ga. App. 884,

885 (502 SE2d 774) (1998); see also *Baker*, supra, 257 Ga. at 568 (rejecting constructive knowledge standard).

Here, Fuller presented no evidence that the solicitor-general had any knowledge of the offense of operating a business without a license disposed of upon Fuller's plea before the recorder's court. On its face, the accusation made no suggestion of such an offense. Rather, the accusation charged only the offenses of prostitution, keeping a place of prostitution, masturbation for hire, giving a massage in an unlawful place, and unauthorized advertising. Nor did Fuller call the solicitor-general as a witness. Instead she argues satisfaction of the requirement to show actual knowledge of all the charges based on the solicitor-general's status as the responsible prosecuting officer in the courts involved alone.

Under these circumstances, we cannot conclude that the trial court clearly erred in finding that Fuller failed to satisfy OCGA § 16-1-7 (b) or by denying her plea of former jeopardy. *Summers*, supra, 263 Ga. App. at 338. The trial court, therefore, did not err in denying Fuller's plea of former jeopardy.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 7, 2010.

*Marvin P. Hicks III*, for appellant.

*Rosanna M. Szabo, Solicitor-General, Nicholas J. Carse, Assistant Solicitor-General*, for appellee.