## 72406. GASTON v. THE STATE.
### (349 SE2d 526)

BENHAM, Judge.

A jury found appellant guilty of selling marijuana; possessing cocaine and marijuana with the intent to distribute; and possession of a firearm by a convicted felon. On appeal, he maintains he is entitled to a new trial because the trial court expressed its opinion before the jury as to matters proved.

1. Defense counsel objected to certain testimony as irrelevant. The trial court overruled the objection, and appellant's attorney persisted in his objection, labeling the testimony "unfairly prejudicial." The trial court then explained to counsel "the range upon which I predicate my ruling." Appellant immediately sought a mistrial on the ground that the trial court's explanation amounted to an expression of opinion as to what had been proven.

"During the course of a trial it is error for a judge to express [an] opinion as to what has or has not been proved. However, remarks of a judge assigning a reason for [a] ruling are neither an expression of opinion nor a comment on the evidence. [Cits.]" *Johnson v. State*, 246 Ga. 126 (5) (269 SE2d 18) (1980). See also *Goode v. State*, 171 Ga. App. 901 (2) (321 SE2d 410) (1984); *Mathis v. State*, 171 Ga. App. 620 (320 SE2d 861) (1984).

2. Appellant next finds error in the trial court's decision to admit into evidence a transcript of a tape recording played in the presence of the jury. The transcript identified by name each of the speakers heard on the tape. Appellant argues that the admission of the transcript amounted to an expression of the trial court's opinion that the State-prepared transcript accurately identified the parties recorded and accurately reflected what had been tape recorded.

"The admission of a transcript of a tape recording is permissible when a proper foundation has been laid. [Cit.]" *Brooks v. State*, 141 Ga. App. 725 (9) (234 SE2d 541) (1977). A GBI agent involved in the investigation laid the foundation necessary for the admission of both the tape and transcript. See *Estes v. State*, 232 Ga. 703 (4b) (208 SE2d 806) (1974). In so doing, the GBI agent identified the speakers and gave the basis for his ability to identify the taped voices.

Providing the jurors with copies of the transcript of the tape to facilitate listening to the tape was not error. *Duren v. State*, 177 Ga. App. 421 (2) (339 SE2d 394) (1986); *Carpenter v. State*, 167 Ga. App. 634 (3) (307 SE2d 19) (1983). The trial court prefaced the jury's receipt of the transcript copies with the admonition that the transcript was to be used as an aid in listening to the tape; that its admission into evidence implied nothing concerning its accuracy; and that it was up to the jury to determine and evaluate the contents of the tape. See *Howell v. State*, 167 Ga. App. 294 (2) (306 SE2d 378) (1983). The

admission into evidence of the transcript, including the identification of the speakers, was not error nor was it a judicial expression of opinion as to the identity of the speakers.

*Judgment affirmed. Beasley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED OCTOBER 7, 1986.

*Carl A. Bryant,* for appellant.

*Gary C. Christy, District Attorney, Kathryn O. Fallin, Assistant District Attorney,* for appellee.