### 73644. ROOSE v. THE STATE.
(356 SE2d 675)

Sognier, Judge.

Roose appeals from his conviction of aggravated child molestation.

1. In appellant's first two enumerations of error he contends the trial court erred by admitting two photographs into evidence as State exhibits, and by instructing the jury that the exhibits constituted evidence of the defendant's conduct with reference to similar transactions about the same time as the offense charged. As to the latter contention, appellant made no objection to the court's limiting instruction at the time the photographs were admitted into evidence, and this court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

The photographs in question depict appellant and another male, nude from the waist up, lying on a bed kissing each other. Appellant contends this evidence does not fall within any exception to the general rule that evidence of other crimes or similar transactions is inadmissible at the trial of the crime charged, even though it be a crime of the same sort. See *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). We agree.

Appellant was charged with aggravated child molestation by committing an act of oral sodomy on a twelve-year-old boy. The State presented no evidence to establish when or where the photographs in question were taken, and presented no evidence to establish that the male with appellant in the photographs was a minor. Further, one man kissing another man does not constitute sodomy, which is defined in OCGA § 16-6-2 as any sexual act involving the sex organs of one person and the mouth or anus of another. Thus, the scenes depicted in the photographs did not constitute a crime or a transaction similar to the offense charged in this case.

The State contends that the photographs were admissible to show the "lustful disposition" of appellant. It is true that where matters dependent upon a person's state of mind are involved as a material element in a particular criminal offense for which the defendant is on trial, and the defendant has engaged in a course of conduct *at or about the same time* the act in question was committed and the transaction is such as to illustrate the state of the defendant's mind on the subject involved, proof of a similar transaction may be received. *Thomas v. State*, 176 Ga. App. 53, 55 (3) (335 SE2d 135) (1985). See also *Walraven v. State*, 250 Ga. 401, 408 (4(b)) (297 SE2d 278) (1982). In the instant case, however, appellant's state of mind was not a material element of the offense charged, the incidents depicted were not of the same or similar nature, and there was no evidence that the incidents depicted in the photographs occurred at or about the same time as the offense charged. Hence, the rule enunciated in *Thomas*, supra, has no application here. We are aware that the exception to the general rule that evidence of similar transactions is not admissible has been applied liberally in cases involving sex offenses. *Johnson*, supra at 653. However, this does not mean that evidence of similar incidents is *always* admissible in such cases; there must also be some logical connection or similarity between the prior incident and the offense charged. *Larkins v. State*, 230 Ga. 418, 420-421 (2) (197 SE2d 367) (1973); *Wimberly v. State*, 180 Ga. App. 148, 149 (348 SE2d 692) (1986). For the foregoing reasons, it was error to admit the photographs into evidence, since the only relevance of such evidence was to show appellant's bad character or criminal propensity. *Walraven*; *Wimberly*, supra. However, we find any error in admitting the two photographs into evidence harmless under the facts of this case. The primary issue in this case was one of credibility; i.e., the victim testified that appellant committed the acts alleged and appellant denied committing them. However, the victim's testimony was corroborated partially by other testimony, and *admissible* evidence of a similar offense was introduced by the State. Thus, we find it highly probable that any error in admitting the photographs into evidence did not contribute to the verdict in this case. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Munn v. State*, 179 Ga. App. 357, 358 (2) (346 SE2d 128) (1986).

2. In appellant's last two enumerations of error he contends the trial court erred by allowing the State to introduce into evidence a video cassette recording and by allowing the State to play the entire tape for the jury, rather than playing only that portion of the tape showing appellant committing an act of oral sodomy on a fifteen-year-old boy. The boy involved testified that appellant committed the act at a home in Atlanta and he was aware the act was being filmed on a video cassette recorder. Appellant's contentions regarding the admis-

sion and showing of the VCR tape are without merit. Even assuming it was error to admit the VCR tape in evidence, the boy involved in the act of sodomy shown testified, without objection, that he participated in the sexual act depicted on the VCR tape. Proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Davis v. State*, 167 Ga. App. 701, 703 (3) (307 SE2d 272) (1983).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED APRIL 8, 1987 —
REHEARING DENIED APRIL 30, 1987.

*Alex L. Zipperer III*, for appellant.
*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney*, for appellee.