### 44274. CAREY v. THE STATE.
(356 SE2d 507)

CLARKE, Presiding Justice.

Margaret Carey was indicted for murder in Floyd County for the stabbing death of Tyrone Jackson who lived with Ms. Carey and her son. The jury was instructed on the issues of murder, voluntary manslaughter and justification; they convicted her of murder for which she received a sentence of life in prison. On appeal she asserts error in that an incorrect transcription of her taped statement was put before the jury, that the court erred in admitting the results of a blood alcohol test, and that due to her intoxication the court erred in finding her statements to police were voluntary. We affirm.

1. The facts show that Ms. Carey and the victim had been drinking on the day of the homicide and that the victim died from stab wounds inflicted by Ms. Carey. The evidence is sufficient to support the conviction. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The police arrived on the scene and took Ms. Carey to the station at around 7:30 p.m. She was given *Miranda* warnings and at approximately 10:20 gave a statement denying that she stabbed Tyrone. At approximately 12:45 a.m. she gave a statement admitting the stabbing and claiming self-defense. Prior to trial the state prepared transcripts of these statements from an audio tape. These transcripts were furnished to the defense before trial.

During the trial these tapes were played to the jury. In connection with the playing of the tapes the state submitted written transcripts of the contents which were given to the jury to aid them in following the tape. After the tape was played, the copies of the transcripts were taken from the jury. Prior to playing the tapes the court instructed the jury that the copies were merely to aid them in considering the evidence of the statements which was the tapes themselves.

The appellant filed an amended motion for new trial and raised the issue made here, that the written transcript materially altered the testimony on the tape of the statement where she admitted the stabbing. The basis of this motion was that the version of the statement as understood and recorded by the court reporter conflicts with the

version transcribed by the state prior to trial, and that the reporter's version is more consistent with her defense of self-defense.

The transcript provided to the jury was as follows:

MS. CAREY: "And so, then he hit me again and when he hit me I did run in the kitchen and I grabbed the knife cause *it* was getting serious. You know *I* got about high and when *you* get high *you* get crazy and I grabbed the knife." (Emphasis supplied.)

The same tape recorded statement was taken down by the court reporter as follows:

MS. CAREY: "And, so, then he hit me again and when he hit me I did run in the kitchen and I grabbed the knife cause *he* was getting serious. You know, *he* got about about high, and when *he* get high, *he* get crazy, and I grabbed the knife." (Emphasis supplied.)

The trial judge held an evidentiary hearing on the amended motion for new trial where the tape was played again and testimony was given. The court entered an order overruling the motion. The court stated that he had listened to the tape again and followed the two different transcripts; it was his "impression" that the transcript offered at the trial was correct. He concluded that whatever the tape does in fact say, the issue was properly left for the jury to determine.

It is not error to allow the jury to have a written copy of a tape recorded statement when a proper foundation has been made. See *Cobb v. State*, 244 Ga. 344 (14) (260 SE2d 60) (1979); *Gaston v. State*, 180 Ga. App. 470 (349 SE2d 526) (1986). We find no error in this case. The transcripts were provided to the defense prior to trial. During the playing of the tapes no objection was made to the content of the words in the transcript, and the jury was instructed that only the tapes were evidence.

3. Prior to trial the defense filed a request for copies of scientific reports pursuant to OCGA § 17-7-211. Blood alcohol tests had been performed on the appellant and the victim and were being processed at the state crime lab. The trial began on September 29, 1986. The district attorney contacted the lab and could not get a report of any kind until September 25, 1986 when he was given a verbal report. These results were reported to defense counsel the same day. The written report was given to all parties on September 26. The victim had a blood alcohol level of .27 and Ms. Carey's was .33.

At trial the defense wished to place the report as to the blood alcohol level of the victim into evidence and to exclude the report on Ms. Carey because the prosecution had failed to furnish a copy 10 days prior to trial as required by OCGA § 17-7-211. The trial court offered to give the defense a one week continuance which was declined. The court then allowed the report into evidence and the appellant contends this admission requires a new trial. We disagree.

It is uncontradicted that the report was made available to the

defense as soon as it was in the knowledge as well as the possession of the district attorney. OCGA § 17-7-211 provides that if the statute is not complied with the report must be excluded from evidence. We have held that where compliance with the 10-day requirement is not possible, "the defendant is entitled to the document within a reasonable time and may be entitled to a continuance or recess as the trial judge shall determine. Only where the prosecuting attorney fails altogether to furnish the document does the exclusionary rule apply." *Law v. State*, 251 Ga. 525, 528 (307 SE2d 904) (1983). In the present case the report was made available by the prosecution at the earliest possible time and the defense was offered a continuance; under these circumstances we find no error.

We also find no merit to the contention that the taking of the blood sample on the night of the homicide violated her privilege against self-incrimination. See *Welch v. State*, 254 Ga. 603 (331 SE2d 573) (1985).

4. In her third enumeration of error the appellant contends that the trial court was in error in its determination that her statements to police were freely and voluntarily made because she was too intoxicated to knowingly waive her rights. The level of alcohol consumption is a factor to be considered in examining the circumstances in which a statement is given. See *Pittman v. State*, 245 Ga. 453 (265 SE2d 592) (1980). There was testimony that Ms. Carey was coherent and responsive during both interviews. The record here would authorize the trial court's finding that the appellant knew her rights and voluntarily relinquished them; such findings by the trial court will be upheld by the appellate court unless clearly erroneous. *Berry v. State*, 254 Ga. 101 (326 SE2d 748) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 1987.

*Harold N. Wollstein,* for appellant.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.