## A93A1601. TOUCHTON v. THE STATE.

(437 SE2d 370)

SMITH, Judge.

Willie Inos Touchton was convicted of child molestation, OCGA § 16-6-4 (a), and sexual battery, OCGA § 16-6-22.1 (b). The victim was his step-granddaughter, who was then 13 years old.

1. Touchton contends the trial court erred in denying his motions for a directed verdict of acquittal on both counts. Specifically, he argues that the State failed to prove that any touching of the victim was done with the intent to arouse Touchton's own sexual desires, as required by OCGA § 16-6-4 (a), or that he intentionally made physical contact with any intimate parts of the victim's body without her consent, as required by OCGA § 16-6-22.1 (b).

Whether or not the accused had the requisite intent is a question for the jury. *Carsner v. State*, 190 Ga. App. 141 (378 SE2d 181) (1989). It is not error to refuse to direct a verdict when, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime, including intent, beyond a reasonable doubt. *Rautenberg v. State*, 178 Ga. App. 165, 167 (1) (342 SE2d 355) (1986). Although Touchton, who had recently married the victim's grandmother, denied touching the victim improperly and insisted that he had touched her only to dance with her at her request and to hug her as a grandfather, the victim testified that on numerous occasions Touchton had rubbed her breasts inside her clothing even after she became "teary-eyed" and asked him to stop, and that he touched her genitals through her clothing about five or six times. A school counselor testified that a teacher called her attention to a poem the victim had written expressing suicidal ideation. The victim then revealed to the counselor that Touchton had touched her offensively. The counselor informed the victim's mother and made a report to DFCS. A detective with the Clayton County Police Department testified that the victim told her Touchton had been making sexual advances toward her and had touched her breasts and attempted to touch her genitals.

Viewing this evidence in the light most favorable to the prosecution, *Rautenberg*, supra, it was sufficient to authorize the jury to find the essential elements of the crimes charged, including intent, beyond a reasonable doubt. The trial court therefore did not err in denying Touchton's motions for a directed verdict of acquittal.

2. Pursuant to USCR 31.3, the State provided Touchton with notice prior to trial that it would seek to introduce evidence of his prior plea of guilty to sending and receiving child pornography through the mail. After a hearing out of the presence of the jury, the trial court permitted the State to introduce this evidence for the limited purpose of showing Touchton's lustful disposition. Touchton enumerates this

ruling as error, arguing that his previous conviction was insufficiently similar.

The trial court permitted the introduction of a certified copy of the conviction and allowed testimony from the postal inspector who executed the search warrant for Touchton's home in the prior case. He testified that he found a collection of women's and girls' underwear stapled or tacked to a wall in Touchton's closet and a number of photographs of nude young girls, including Touchton's natural granddaughter, in a cabinet in Touchton's room. Some of these photographs, which were also introduced into evidence, depicted the young women engaged in explicit sexual behavior; some showed Touchton nude as well, with his hands on the girls. A friend of Touchton's granddaughter testified that she had posed for some of the photographs, and that Touchton had fondled and molested her and his granddaughter over a period of about a year.

There is no requirement that the prior crime or transaction be absolutely identical to the crime charged. If sufficient similarity exists such that proof of the prior act tends to prove the charged act, evidence of similar crimes is admissible to show the accused's lustful disposition and to corroborate the victim's testimony that the accused acted in the manner charged. *McGowan v. State*, 198 Ga. App. 575, 577 (2) (402 SE2d 328) (1991). Although Touchton's prior conviction was not for child molestation but for sending and receiving child pornography, the evidence sought to be admitted differs from the photographs sought to be admitted in *Roose v. State*, 182 Ga. App. 748, 749 (1) (356 SE2d 675) (1987), cited by Touchton, in that it shows behavior on Touchton's part that was strikingly similar to the acts for which he was on trial. Since the evidence admitted here was sufficiently similar, the trial court did not err in admitting it.

3. Touchton also contends the trial court erred by allowing the State to ask questions regarding his bad character when he had not first placed his character in issue.

He complains of two instances in which the State impermissibly placed his character into evidence. The first instance occurred in the State's case-in-chief during the testimony of the young woman who, with Touchton's granddaughter, had posed for nude photographs taken by Touchton. During the direct examination, in an attempt to reveal why the girls had posed, the prosecutor asked her whether Touchton ever gave them anything, "any money, or gifts, or any incentive to do that." The witness answered that he had not, but "[h]e bought us beer though and he gave us beer." The prosecutor then continued this line of questioning, asking how many times he had bought beer. This time the defense objected and, outside the presence of the jury, moved for a mistrial on the ground that because furnishing alcohol to a minor was a crime, Touchton's character had been

placed in issue. The trial court indicated that it was a "rather close call," but denied the motion, overruled the objection, and admonished the State to be very careful.

The trial court ruled correctly. The question and answer established part of the res gestae of the similar crime, and it was therefore proper, even though it incidentally placed Touchton's character in evidence. See *Belcher v. State*, 201 Ga. App. 139, 140-141 (2) (410 SE2d 344) (1991).

In the second instance, the record does not support Touchton's contention that the trial court permitted the State to place his character in issue. A defense witness, Touchton's mother-in-law, was called by Touchton primarily to testify that the victim's reputation for veracity was not good. During cross-examination, the prosecutor asked her if she knew that Touchton had pled guilty to child pornography in 1986. She replied that she did not. The defense did not object to the question or the answer. Several questions later, the prosecutor asked the witness what she would think about Touchton's reputation if she knew that he had pled guilty to child pornography. The defense then objected to the question and moved for a mistrial. The State argued that the question was asked for the purpose of impeaching the witness. She had testified that she knew Touchton very well and saw him every day, but was not aware of his prior conviction. Yet she also testified that the victim's reputation for veracity was poor, even though she admitted seeing the victim only a few times a year. The court denied the motion for mistrial. However, the judge sustained Touchton's objection to the question, rebuked the prosecutor for her attempt to use the prior crime to impeach the witness, and instructed the jury extensively and emphatically that it was to consider the prior guilty plea for the limited purpose for which it was admitted and for no other purpose. The court also asked the members of the jury to raise their hands if in their own minds they felt unable to restrict the use of the similar crime evidence to the limited purpose for which it was admitted. No juror raised a hand. The witness was not permitted to answer the question.

We need not address the propriety of the trial court's denial of Touchton's motion for a mistrial, as Touchton does not enumerate that ruling as error, and the trial court ruled in Touchton's favor on his objection. The jury heard credible evidence from the victim and several others that Touchton had committed the crimes charged, and the jury indicated it understood that the prior conviction was admitted for a limited purpose only. The prosecutor's question was improper. However, given the trial court's curative instruction, poll of the jury, and admonition of the prosecutor, it is highly unlikely that the question contributed to the jury's verdict. See generally *Stevens v. State*, 195 Ga. App., 324, 326 (393 SE2d 482) (1990).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 28, 1993.

*Joseph M. Todd*, for appellant.
*Robert E. Keller*, District Attorney, *Gina C. Naugle*, Assistant District Attorney, for appellee.