## A00A1675. TURNER v. THE STATE.
(538 SE2d 125)

MIKELL, Judge.

Michael Kelvine Turner was indicted, tried, and convicted of aggravated child molestation, aggravated sexual battery, child molestation, statutory rape, and two counts of sodomy. The trial court denied Turner's motion for new trial, and he appeals, arguing that the trial court erred in allowing the jury to read a transcript of a tape recording played during the trial and in admitting similar transaction evidence. We disagree and affirm.

The evidence demonstrates that Turner sexually molested the victim over the course of several years, beginning when she was 13 years old. Turner was romantically involved with the victim's mother, and he often spent the night at their apartment.

The first incident of sexual abuse occurred when Turner and the victim stole a television from a neighbor's apartment. The victim testified that Turner initially demanded her underwear to ensure her silence and, out of fear, she obeyed. According to the victim, Turner then directed her to lie on her back, and he "placed his lips on her vagina."

The victim further testified that she had sexual intercourse with Turner for the first time when she was 14 years old and a sophomore in high school; that Turner told her that she would "get in trouble" for stealing the television if she did not have sex with him; that she did not want to have intercourse with Turner but that she was afraid to refuse; and that Turner continued to have sexual intercourse with her during the summer between her sophomore and junior years of high school. The victim also testified that she began to lock her bedroom door when Turner was in the apartment she shared with her mother after he began making sexual advances toward her; however, Turner broke into her room with a butter knife and insisted that she owed him sex because he was paying her tuition for summer school.

Next, the victim testified that during her senior year of high school, Turner had anal sex with her on one occasion and that she felt unable to resist his advances because she was physically intimidated by him. During that year, the victim's mother became pregnant by Turner.

In May 1996, the victim recorded a telephone conversation with Turner, in which he discussed having sex with her and, specifically, that their physical relationship would end when the statute of limitation on the theft of the television had run.

1. In his first enumeration of error, Turner contends that the trial court erred in allowing the jury to review the transcript of the tape recording as it was played in court. The transcript, which was prepared by the state, identified the male voice on the tape as Tur-

ner. He contends that the court allowed the state to invade the province of the jury by presenting extraevidentiary material and that the jury should have drawn its own conclusion as to the identity of the speakers, based on the evidence.

It was not error to allow the jurors to use the transcript as a tool to assist them in listening to the audiotape. In *Washington v. State*,[1] the Supreme Court of Georgia held that the trial court did not err in permitting a jury to read a transcript as they listened to a tape. The court stated two reasons for its decision: first, the state had laid a proper foundation for the admission of the tape, and, second, the court had given a cautionary instruction that the transcript itself was not evidence.[2]

Turner concedes that the audiotape was properly admitted into evidence; therefore, there is no issue as to whether the state established a proper foundation for its admission. The victim testified to the circumstances under which the tape was made and that it had remained in her custody at all times since its recording. The transcript itself was not admitted as evidence, because it was merely provided as a tool to facilitate listening to the tape. In a similar case in which a transcript that identified the speakers on an audiotape was actually admitted as evidence, we held that the witness laid a proper foundation for the transcript by identifying the speakers and giving a basis for the witness' ability to identify the voices.[3] In this case, after the tape was played for the jury, the victim identified Turner as the male voice on the recording. She testified that she had known Turner since she was 13 years old and could recognize his voice and that when she made the recording, Turner's phone number appeared on her caller identification box when she used the "*69" feature of her phone.

Accordingly, we conclude that the victim's testimony provided a proper foundation for use of the transcript in this case.[4]

Next, in accordance with *Washington*,[5] the trial court gave a cautionary instruction to the jury regarding the limited use of the transcript. Prior to playing the audiotape, the court instructed the jury as follows:

> Ladies and gentlemen, we're going to play a tape at this point in time. It is for you to make the factual determination of whose voices are on that tape. Okay. You will determine

---

[1] 268 Ga. 598, 600 (3) (492 SE2d 197) (1997).
[2] Id.
[3] *Gaston v. State*, 180 Ga. App. 470 (2) (349 SE2d 526) (1986).
[4] Id.
[5] Supra at 600.

> what that is. Also, you will be provided with a transcript of the tape. Let me explain that to you. It is what somebody else thinks they heard on the tape. The judgment of what is said on that tape is your judgment. . . . And it's the tape that is the evidence.

"With such a foundation being laid and such safeguards utilized, there was no error in permitting use of the transcripts."[6]

2. Second, Turner argues that the trial court erred in admitting similar transaction evidence. This enumeration of error has no merit.

After conducting a hearing pursuant to Uniform Superior Court Rule 31.3 (B), the trial court permitted the state to introduce evidence that Turner had entered a guilty plea to child molestation in a case involving the nine-year-old daughter of a woman he had been dating. The victim of that crime testified that Turner had sexual intercourse with her in September 1985 and that he told her they would both go to jail if she told anyone. While evidence of prior crimes committed by a defendant is generally inadmissible, such evidence may be admitted for limited purposes, such as showing identity, plan, scheme, state of mind, and course of conduct.[7] In order for the court to admit evidence of a prior crime, the state must make the following three affirmative showings: (1) that the state intends to introduce evidence of the independent offense for an appropriate purpose; (2) that there is sufficient evidence to establish that the defendant committed the independent offense; and (3) that there is a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.[8]

We conclude that the state made the required affirmative showings and that the court properly admitted the evidence of Turner's prior offense. First, the prosecutor stated at trial that the purpose of the introduction of this similar transaction evidence was to show Turner's course of conduct and modus operandi. We have identified the establishment of a course of conduct as one of the limited purposes for which evidence of other crimes may be introduced.[9]

Second, there was sufficient evidence that Turner committed the prior offense, because the state introduced a certified copy of his conviction, and the victim testified that Turner molested her.[10] Additionally, during the Rule 31.3 (B) hearing, defense counsel stipulated that Turner entered a guilty plea to the prior charge.

---

[6] *Guess v. State*, 264 Ga. 335, 336 (2) (443 SE2d 477) (1994).

[7] *Bailey v. State*, 207 Ga. App. 283, 284 (427 SE2d 612) (1993).

[8] *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991).

[9] *Bailey*, supra at 284.

[10] See id.

Finally, sufficient similarity existed between the prior offense and the crime charged. Contrary to Turner's argument, it is a well-established rule that when a defendant is charged with any form of sexual abuse of a child, evidence of prior sex crimes against children is admissible, because such conduct requires a unique bent of mind.[11] "[I]n child sexual abuse cases, a certified copy of a prior conviction for a sex crime against a child may, with no other evidence, sufficiently prove that the prior crime is similar to the current crime."[12] Accordingly, admission of the similar transaction evidence was not error.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED AUGUST 4, 2000.

*Lawrence M. Korn*, for appellant.

*Patrick H. Head, District Attorney, Maria B. Golick, Bruce D. Hornbuckle, Assistant District Attorneys*, for appellee.

---

[11] *Adams v. State*, 208 Ga. App. 29, 32 (2) (430 SE2d 35) (1993).
[12] *Lee v. State*, 241 Ga. App. 182, 183 (2) (525 SE2d 426) (1999).