KITCHENS, Justice,
Dissenting:
¶ 35. This Court historically has deemed evidence of a defendant’s prior sexual misconduct with a person other than the victim of the alleged crime for which the defendant was charged more prejudicial than probative under Mississippi Rules of Evidence 403 and 404(b) and has found such evidence per se inadmissible at trial. Lambert v. State, 724 So.2d 392, 394 (Miss.1998), overruled by Derouen v. State, 994 So.2d 748, 756 (Miss.2008); Mitchell v. State, 539 So.2d 1366, 1372 (Miss.1989), overruled by Derouen, 994 So.2d at 756. We have said that allowing evidence of a defendant’s prior sexual misconduct “would not be consistent with the purposes of M.R.E. 404(b), nor consistent with the notion that a defendant is on trial for a specific crime and not for generally being a bad person.” Mitchell, 539 So.2d at 1372, oveiruled by Derouen, 994 So.2d at 756.[20] However, in Derouen v. State, this reasoning was overruled by our holding that “evidence of a sexual offense, other than the one charged, which involves a victim other than the victim of the charged offense for which the accused is on trialf,]” is admissible if it is “properly admitted *1191 under Rule 404(b), filtered through Rule 403, and accompanied by an appropriately-drafted limiting or cautionary instruction.” Derouen v. State, 994 So.2d 748, 756 (Miss.2008). Post-Derouen, evidence of a defendant’s prior sexual misconduct with a person other than the victim of the misconduct for which the defendant was indicted is admissible the same as any other prior-bad-act evidence; it is admissible to prove “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,” unless the “probative value is substantially outweighed by the danger, of unfair prejudice.” M.R.E. 404(b), 403.
¶ 36. Although this Court has not ruled on whether nudist practices or temporally remote allegations of child molestation fall within the purview of Rules 403 and 404(b), it is clear that such evidence does not fall squarely into a Rule 404(b) exception of “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Yet, as the majority suggests, some jurisdictions are willing to allow prior-bad-act evidence related to child-molestation allegations, and some federal courts also are admitting such evidence, given that the Federal Rules of Evidence have been modified to allow prior bad acts in cases where child molestation is alleged.[21]
¶ 37. As can be seen by Derouen and the majority opinion in this case, Mississippi is migrating in the same direction. In fact, in Derouen, 994 So.2d at 756, this Court suggested that our rules committee put forth a rule similar to those adopted by the federal courts, which would make admissible prior-bad-act testimony similar to that presented in the case before us; however, no such rules change has been made. Thus, the general rule, along with the exceptions outlined in Rule 404(b), that prior bad acts not resulting in a conviction are not admissible as part of the State’s case-in-chief, still applies in Mississippi’s state courts. Moreover, although the Derouen Court held that evidence of sexual misconduct with persons other than the alleged victim of the crime with which the defendant is charged is not per se inadmissible, the Court has yet to provide a workable test for the admissibility of such evidence.
¶ 38. Foburg v. Florida illuminates the need for a workable test. Foburg v. Florida, 744 So.2d 1175 (Fla.App. 2 Dist.1999). There, Foburg was convicted of fondling a child under the age of sixteen and encouraging the delinquency of a minor. Id. at 1176. The District Court of Appeal of the Second District of Florida was asked to determine whether evidence of Foburg’s prior bad acts should have been presented to the jury. Id. At trial, the prosecution called three prior-bad-acts witnesses who claimed that Foburg had offered them alcohol and cigarettes seventeen years prior to trial, when they were minors. Id. at 1177. One of the witnesses testified that Foburg “hugged her a little too closely,” and the other two girls testified that they *1192 had seen sexually explicit material at Fa-burg’s residence. Id. In applying Florida Statutes Section 90.404(2)(a), which is quite similar to our Rule 404(b), the Fo-burg Court noted that, beyond the requirement that the evidence be relevant, the charged and collateral offenses must be “strikingly similar” and must “share some unique characteristic or combination of characteristics which sets them apart from other offenses.”[22] Id. The Court ultimately held that, because of the dissimilarities in the charged offense and the prior bad acts, and because the prior-bad-act evidence “was not uniquely factually characteristic of the charged offenses,” it was reversible error to admit the evidence. Id. at 1178-79. The court went on to say that “the only purpose served by the State’s introduction of the [prior-bad-acts] evidence was to imply that, because Foburg had committed similar acts seventeen to twenty years ago, he must have committed the acts with which he [had been] charged.” Id. at 1178.
¶ 39. In another ease similar to this one, Hoffman v. State, 259 Ga.App. 131, 576 S.E.2d 102 (2003), Hoffman was convicted of child molestation after allegedly getting into bed with the thirteen-year-old daughter of a friend he had met at a nudist colony. Id. at 104. At trial, the prosecution elicited prior-bad-act evidence that, during one visit to a nudist colony, Hoffman had grabbed a naked eleven-year-old girl in a hot tub and had “restrained” the girl in his lap as she had attempted to free herself from his grasp. Id. at 106. On review, the Court of Appeals of Georgia noted that prior-bad-act evidence is admissible as long as it goes to show “identity, plan, scheme, state of mind [or] course of conduct.” Id. at 104. The court went on to say, however, that before prior-bad-act evidence is admissible, the State must show that, among other things, “there is sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.” Id. at 104-05 (citing Turner v. State, 245 Ga.App. 476, 538 S.E.2d 125 (2000)). The Court of Appeals of Georgia came to the conclusion that, because the evidence of Hoffman’s conduct in the hot tub was “sufficiently similar” to the conduct for which Hoffman was convicted, the prior-bad-act testimony was admissible. Id. at 106.
¶ 40. Both of these cases stand for the proposition that a bright-line rule on the issue at hand simply is not feasible; however, it is clear that a Derouen-esque rule must be accompanied by some reasonable guidelines, including the necessity that there be some nexus or striking similarity between the prior bad acts and the acts for which the defendant is charged.
¶ 41. Here, a nexus between Gore’s na-turistic proclivities and the act of molesting a twenty-one-month-old infant was not proven. No evidence was adduced to show a connection between his having practiced nudism and his being a child molester. Thus, proof of Gore’s alleged nudist activities was irrelevant, and the trial judge abused his discretion in ruling that this evidence went to prove Gore’s plan, preparation, or intent to commit the charged offense. While a nexus between Gore’s alleged molestation of his daughter, Katie, and his alleged molestation of M.G. provides somewhat greater potential for admissibility than the former, the similarities *1193 among the several incidents are few. Although both of the alleged victims are female, the ages of the girls are greatly dissimilar. Katie was twelve years old at the time of her alleged molestation, and M.G. was less than two. Moreover, the seven years between Katie’s alleged molestation and M.G.’s alleged molestation make the two events temporally remote.
¶ 42. Although the trial court did allow the evidence under Rule 404(b), filtered it through Rule 403, and issued a limiting instruction as Derouen requires, the incidents the State was allowed to bring before the jury fail to prove that Gore was planning, preparing, or intending to molest M.G. Instead, it is clear that the State offered this evidence for the sole purpose of establishing that, because Gore allegedly had engaged in these prior acts, he had the propensity to molest M.G. The majority admits as much in suggesting that, because Gore allegedly had the motive to molest his daughter sexually or engage in nudist activities, he was led or tempted to commit the crime charged. Maj. Op. at ¶ 20.
¶ 43. Given that Mississippi Rule of Evidence 404(b) plainly prohibits the introduction of a person’s prior bad acts “in order to show that he acted in conformity therewith!,]” the trial court abused its discretion in allowing the State to present evidence that Gore was a nudist and that Gore allegedly had sexually molested twelve-year-old Katie nine years prior to trial. M.R.E. 404(b). In the context of this trial, such testimony was too prejudicial to have been tempered effectively by the trial court’s limiting instruction. This matter should be remanded for a new trial.

. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” M.R.E. 404(b).

. Federal Rule of Evidence 413(a) provides: In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.
F.R.E. 413(a). Federal Rule of Evidence 414(a) provides:
In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant’s commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
F.R.E. 414(a).

. In Florida, "similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity." Fla. Stat. § 90.404(2)(a) (1995).